PROSKAUER ROSE LLP
Keisha-Ann G. Gray (KG-3464)
Daniel J. O'Donnell (DO-4630)
One Newark Center
Newark, New Jersey 07102
(212) 736-8185
Attorneys for Defendant
Banc of America Specialist, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MICHAEL SCOTTO, | : | |
| Plaintiff, | : | 07 CIV 9508 (DLC) |
| v. | : | ECF Case |
| BANC OF AMERICA SPECIALIST, INC., | : | **ANSWER** |
| Defendant. | : | |

Defendant Banc of America Specialist, Inc. ("BASI" or "Defendant"), by and through its attorneys, Proskauer Rose LLP, states in answer to the Complaint:

### THE PARTIES

1.  Defendant denies the allegations contained in Paragraph 1 of the Complaint, except admits upon information and belief that Plaintiff commenced employment with a predecessor of BASI on or about January 1, 1970.

2.  Defendant denies the allegations contained in Paragraph 2 of the Complaint, except admits that BASI is a specialist firm authorized to do business in the State of New York, with a place of business located at 14 Wall Street, New York, New York 10005.

### THE NATURE OF THE ACTION

3.  Paragraph 3 is a jurisdictional statement and calls for a legal conclusion to which no response is necessary; to the extent that a response is necessary, Paragraph 3 is denied except

to admit that this action purports to be brought under the Family Medical Leave Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the New York City Administrative Code.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint is a jurisdictional statement and calls for a legal conclusion to which no response is necessary.

7. Paragraph 7 of the Complaint is a jurisdictional statement and calls for a legal conclusion to which no response is necessary.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

## ALLEGED FACTS

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Compliant.

11. Defendant denies the allegations contained in Paragraph 11 of the Compliant.

12. Defendant denies the allegations contained in Paragraph 12 of the Compliant.

13. Defendant denies the allegations contained in Paragraph 13 of the Compliant, except admits in or about August 2005, a meeting was held among Kristina Yadlon, John Conklin and Plaintiff.

14. Defendant denies the allegations contained in Paragraph 14 of the Compliant.

15. Defendant denies the allegations contained in Paragraph 15 of the Compliant.

...

16. Defendant denies the allegations contained in Paragraph 16 of the Compliant, except admits that John Conklin and Plaintiff signed a memorandum dated August 25, 2005, which speaks for itself.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint, except admits that Plaintiff received a letter dated September 6, 2005 from MetLife Disability Claim Coordinator advising him that his request for a leave of absence under the FMLA had been approved.

18. Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Compliant.

24. Defendant denies the allegations contained in Paragraph 24 of the Compliant.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, except admits that in or about February 2006, John Conklin advised Plaintiff that he would not receive an incentive payment for the year 2005.

28. Defendant denies the allegations contained in Paragraph 28 of the Compliant.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint, except admits that Plaintiff sent Christopher Quick an email on February 8, 2006, which speaks for itself.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint, except admits that on February 22, 2006, Plaintiff contacted Bank of America's Advice & Counsel phone line and expressed concerns regarding not receiving an incentive payment for year 2005, and he was advised that Advice & Counsel would investigate his concerns.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint, except admits that on March 21, 2006, Darren Wilson, Bank of America Vice President, Human Resources Advisor III, advised Plaintiff that he had concluded his investigation and found no evidence to corroborate Plaintiff's allegations regarding his manager, and that incentive payments were discretionary, and that Plaintiff asked Mr. Wilson how the investigation was conducted.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint, except admits that Plaintiff received a Notice of Right to Sue dated August 7, 2007, which speaks for itself.

**FIRST CAUSE OF ACTION**
**(ALLEGED VIOLATIONS OF FAMILY MEDICAL LEAVE ACT)**

38.     Defendant repeats each of its answers to Paragraph 1 through 37 of the Complaint as if fully set forth herein.

39.     Paragraph 39 calls for a legal conclusion to which no response is necessary.

40.     Paragraph 40 calls for a legal conclusion to which no response is necessary.

41.     Paragraph 41 calls for a legal conclusion to which no response is necessary.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.     Paragraph 43 calls for a legal conclusion to which no response is necessary; to the extent a response is necessary, Paragraph 43 is denied.

44.     Paragraph 44 calls for a legal conclusion to which no response is necessary; to the extent a response is necessary, Paragraph 44 is denied.

45.     Paragraph 45 is a prayer for relief to which no response is necessary; to the extent a response is necessary, Paragraph 45 is denied.

**SECOND CAUSE OF ACTION**
**(ALLEGED VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**
**– CAREGIVER DISCRIMINATION)**

46.     Defendant repeats each of its answers to Paragraph 1 through 45 of the Complaint as if fully set forth herein.

47.     Paragraph 47 calls for a legal conclusion to which no response is necessary.

48.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Paragraph 52 is a prayer for relief to which no response is necessary; to the extent a response is necessary, Paragraph 52 is denied.

**THIRD CAUSE OF ACTION**
**(ALLEGED VIOLATION OF THE AMERICANS WITH DISABILITIES ACT)**

53.     Defendant repeats each of its answers to Paragraph 1 through 52 of the Complaint as if fully set forth herein.

54.     Paragraph 54 calls for a legal conclusion to which no response is necessary.

55.     Paragraph 55 calls for a legal conclusion to which no response is necessary.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in Paragraph 58, except admits that John Conklin advised Plaintiff that he could not justify paying him a bonus for 2005, and that Plaintiff complained to Defendant's Advice & Counsel, and Advice & Counsel investigated the matter and advised Plaintiff, among other things, that incentive payments are discretionary.

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint, except admits that Plaintiff commenced short term disability leave on or about May 11, 2006.

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint, except admits that Plaintiff commenced long term disability leave on or about November, 11, 2006.

62.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint.

6

64. Paragraph 64 calls for a legal conclusion to which no response is necessary; to the extent a response is necessary, Paragraph 64 is denied.

65. Paragraph 65 calls for a legal conclusion to which no response is necessary; to the extent a response is necessary, Paragraph 65 is denied.

66. Paragraph 66 is a prayer for relief to which no response is necessary; to the extent a response is necessary, Paragraph 66 is denied.

### FOURTH CAUSE OF ACTION
### (ALLEGED VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT)

67. Defendant repeats each of its answers to Paragraph 1 through 66 of the Complaint as if fully set forth herein.

68. Paragraph 68 calls for a legal conclusion to which no response is necessary.

69. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72. Paragraph 72 calls for a legal conclusion to which no response is necessary; to the extent a response is necessary, Paragraph 72 is denied.

73. Paragraph 73 is a prayer for relief to which no response is necessary; to the extent a response is necessary, Paragraph 73 is denied.

### FIFTH CAUSE OF ACTION
### (ALLEGED VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW 8-107 (7))

74. Defendant repeats each of its answers to Paragraph 1 through 73 of the Complaint as if fully set forth herein.

75. Paragraph 75 calls for a legal conclusion to which no response is necessary.

76. Paragraph 76 calls for a legal conclusion to which no response is necessary.

77. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79. Paragraph 79 calls for a legal conclusion to which no response is necessary; to the extent a response is necessary, Paragraph 79 is denied.

80. Paragraph 80 calls for a legal conclusion to which no response is necessary; to the extent a response is necessary, Paragraph 80 is denied.

81. Paragraph 81 is a prayer for relief to which no response is necessary; to the extent a response is necessary, Paragraph 81 is denied.

82. Paragraph 82 is a prayer for relief to which no response is necessary; to the extent a response is necessary, Paragraph 82 is denied.

## ALLEGED EXHAUSTION OF ADMINISTRATIVE REMEDIES

83. Defendant denies that a copy of Plaintiff's charge is attached to the Complaint as Exhibit A, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of the Complaint, except admits that Plaintiff's Notice of Right To Sue is dated August 7, 2007 and the Complaint in this action was filed on October 24, 2007.

## PRAYER FOR RELIEF

The second to last unnumbered paragraph of the Complaint which contains subsections (a) through (e) is a prayer for relief to which no answer is required. To the extent an answer is

required, the paragraph is denied and Defendant denies each and every paragraph of the Complaint not otherwise specifically answered.

## AS TO AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of actual damages, compensatory damages, punitive damages, attorneys' fees and/or injunctive relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages on his claims of discrimination because, at all relevant times, Defendant has engaged in good faith efforts to comply with all laws prohibiting discrimination in employment.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages attributable to any actions of Defendant.

### SIXTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or filing periods.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered damages, which Defendant expressly denies, he has failed to make reasonable effort to mitigate his damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with §8-502 of the New York City Administrative Code.

## NINTH AFFIRMATIVE DEFENSE

Defendant has established, implemented and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by its employees and agents.

## TENTH AFFIRMATIVE DEFENSE

Defendant's liability and penalties, if any, should be mitigated by virtue of the factors set forth in § 8-107(13)(d) and (e) of the New York City Human Rights Law.

## ELEVENTH AFFIRMATIVE DEFENSE

Without waiving the defenses set forth above, and upon which Defendant specifically relies, Defendant states that there were legitimate, nondiscriminatory reasons for all actions taken with respect to Plaintiff's Complaint.  Accordingly, all allegations of discrimination in the Complaint should be dismissed.

**WHEREFORE**, Defendant Banc of America Specialist, Inc. demands judgment against Plaintiff dismissing the Complaint in its entirety, together with an award of reasonable attorneys' fees, the costs and disbursements of this action, and such other relief this Court deems just proper and equitable.

Dated: December 10, 2007

> PROSKAUER ROSE LLP
> One Newark Center
> Newark, New Jersey  07102
> (212) 736-8185
> Attorneys for Defendant
> Banc of America Specialist, Inc.
>
>
> By:   s/Daniel O'Donnell_____
>         Keisha-Ann G. Gray (KG-3464)
>         Daniel J. O'Donnell (DO-4630)
>         dodonnell@proskauer.com

## CERTIFICATION OF SERVICE

    I hereby certify that on this date I caused to be served by fax and Federal Express, overnight delivery, Defendant's Answer upon attorneys for Plaintiff, Robert Ottinger, Esq, The Ottinger Firm, P.C., 19 Fulton Street, Suite 400, New York, New York 10038.

    PROSKAUER ROSE LLP
    One Newark Center
    Newark, New Jersey  07102
    (212) 736-8185
    Attorneys for Defendant
    Banc of America Specialist, Inc.

    By:  s/Daniel O'Donnell
        Daniel J. O'Donnell (DO-4630)
        dodonnell@proskauer.com

Dated: December 10, 2007